IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
   v.
JAMES D. BUSH,
    Movant

: Case No. 3:09-cr-28-KRG-KAP

Report and Recommendation

Recommendation

  James Bush filed a motion, originally pro se and subsequently amended and briefed by appointed counsel, for resentencing based on the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (August 3, 2010) and Amendment 750 of the United States Sentencing Guidelines. The motion, at docket no. 101, was referred to me under 28 U.S.C.§ 636(b). It should be denied.

Report

  This Court sentenced movant James Bush on July 1, 2010, to a term of 120 months imprisonment, see docket no. 73, Judgment and Commitment Order; docket no. 75, Transcript of Sentencing Hearing, after his change of plea on January 28, 2010, see docket no. 110, Transcript of Change of Plea Hearing, to Count One of an indictment that charged him with conspiracy from April 27, 2009, to May 11, 2009, to distribute cocaine base in violation of 21 U.S.C.§ 846. The sentence imposed was a downward variance from the career offender guideline range of 188-235 months that applied to movant under United States Sentencing Guidelines § 4B1.1, based on the amount of cocaine base for which James Bush acknowledged

responsibility under the plea agreement (docket no. 46, Plea Agreement at 5, stipulated an amount of at least 20 but less than 35 grams; the precise amount was 20.23 grams) and James Bush's prior criminal record. There was no direct appeal from or collateral attack on the conviction and sentence.

Under 18 U.S.C.§ 3582(c)(2), this court has the power to modify a sentence that has become final "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.§ 994(o)." The question is whether movant's sentence was "based on" a sentencing range reduced by the Sentencing Commission in Amendment 750. This court would also have power, constitutional limitations aside, to modify a final sentence where Congress enacted a statute allowing a retroactive reduction in a final sentence.

Taking the latter case first, movant's offense was committed before the effective date of the Fair Sentencing Act, and he was sentenced just prior to its effective date, August 3, 2010. The Fair Sentencing Act changed the drug quantities of cocaine base necessary to trigger statutory mandatory minimums: a 5-year minimum now requires 28 grams (formerly 5 grams); a 10-year minimum now requires 280 grams (formerly 50 grams). The Act does not apply to defendants like movant who were sentenced before August 3, 2010, because the Act, although retroactive to defendants who committed

2

offenses before August 3, 2010, contains no retroactivity provision to persons sentenced before August 3, 2010. See Dorsey v. United States, 132 S.Ct. 2321 (2012); United States v. Reevey, 631 F.3d 110, 115 (3d Cir.2010).

The United States Sentencing Commission adopted Amendment 750 to the United States Sentencing Guidelines effectively to apply the statutory changes of the Fair Sentencing Act retroactively to the base offense conduct level scores for quantities of crack cocaine under United States Sentencing Guidelines §2D1.1, to correspond to the thresholds in the Fair Sentencing Act. Amendment 759 was effective November 1, 2011, making Amendment 750 apply retroactively to persons who were sentenced before the Act's effective date.

Amendment 750 does not apply to movant because he was subject to a sentence, not because of the drug quantity guidelines at United States Sentencing Guidelines § 2D1.1, but because of the career offender guidelines at United States Sentencing Guidelines § 4B1.1. See United States v. Mateo, 560 F.3d 152, 155-56 (3d Cir.2009)(holding in a parallel motion for application of Amendment 706 that a career offender is not eligible for reduction of sentence under Section 3582 because Amendment 706 lowered the offense level guidelines for cocaine base but not the career offender guidelines). The career offender guidelines are the guidelines this Court's sentence was "based on," notwithstanding

the court's downward variance from them by 68 months at movant's sentencing. See United States v. Doe, 564 F.3d 305 (3d Cir.), cert. denied, 130 S.Ct. 563 (2009)(concluding that Amendment 706 could not be applied under Section 3582 to defendants sentenced subject to a mandatory minimum, even where there had been a departure from that mandatory minimum due a motion under United States Sentencing Guidelines §5K1.1 based on the defendants' substantial assistance).

Counsel for movant recognized this prior to sentence in the (successful) motion for downward departure/variance from the career offender guidelines, docket no. 69, and in the argument at sentencing. Relief under Section 3582(c)(2) is therefore not available to movant James Bush at this time.

But there is also Section 3582(c)(1)(B), which gives the court the power to modify a final sentence "to the extent otherwise expressly permitted by statute." Movant argues that because the Fair Sentencing Act changed the statutory maximum applicable to 20.23 grams of crack (from 40 years to 20 years), and this maximum was used to compute movant's guideline range (which now would be 151-188 months, vice 188-235 months), and because Dorsey stands for a policy of maximum retroactivity, that the Act should allow for resentencing James Bush proportionately downward from the new career offender guidelines by the same proportion that his sentence varied from the old career offender guidelines. The problem with

4

this argument is that it ignores the "expressly provided" requirement of Section 3582. The Fair Sentencing Act did not say, expressly or otherwise, that anyone who received a sentence of between 20 years and 40 years before August 3, 2010, where the amount of crack involved was between 5 grams and 28 grams, should or could be resentenced because the new maximum for those amounts is now 20 years. Nor did <u>Dorsey</u>: to the contrary, <u>Dorsey</u> (and <u>Reevey</u> too, for that matter), while rejecting the date of the offense conduct as the basis for dividing those able to benefit from the Act and those not able to benefit from the Act, held that the cut-off was sentencing after August 3, 2010. If the Fair Sentencing Act would not grant relief to a person sentenced to a harsher mandatory minimum than would now be applicable to him, see e.g. <u>United States v. Jones</u>, 2010 WL 7697509 (W.D.Pa.2010), it even more certainly does not mandate relief to movant because the maximum sentencing range, that he was not sentenced within, was harsher then than it is now. Movant observes that the Act leaves some persons sentenced before August 3, 2010, without a way to benefit from the generally less harsh penalties in the Act. That is true, but that is a legislative decision (or oversight) not correctable by this court. The Supreme Court construes the savings clause statute at 1 U.S.C.§ 109, "to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of the offense." <u>Warden v.</u>

5

Marrero, 417 U.S. 653, 661 (1974). Dorsey updated this principle to make the date of sentence rather than the date of the offense conduct the cut-off date for application of a new sentencing scheme, but did not sanction throwing the principle out the window. Relief under Section 3582(c)(1)(B) is also not available at this time.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: October 19, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

James D. Bush, Reg. No. 11296-068
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351